NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REZA FARZAN, *Debtor*,

Appellant,

v.

CHAPTER 13 TRUSTEE, *et al.*,

Appellees.

Bankruptcy Case No. 23-18292 (CMG)

Bankruptcy Appeal No. 24-09116 (RK)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon two Motions filed by *pro se* Debtor-Appellant Reza Farzan ("Farzan" or "Debtor") in his Bankruptcy Appeal (*see* ECF No. 1). Farzan filed a Motion to Stop the Debt Collectors from Harassing, Oppressing, and Abusing the Appellant (ECF No. 8, "First Motion") and a Motion to Enforce the Standing Order (ECF No. 12, "Second Motion"). With respect to the First Motion, Appellant Shellpoint Mortgage Servicing ("Shellpoint") filed a Response (ECF No. 9) and Farzan filed a Reply (ECF No. 11). On the Second Motion, Shellpoint filed a Response (ECF No. 14) and Farzan filed a Reply (ECF No. 17). Shellpoint and Farzan also filed their Appeal briefs (*see* ECF Nos. 10, 13, 15), which will be addressed by the Court in a subsequent decision. Although Farzan named other Appellees in his Notice of Appeal, no others have participated in this Appeal to date. (*See* ECF No. 1 at 1.) The Court has considered the parties' submissions and resolves these matters without oral argument pursuant to Federal Rule of Bankruptcy Procedure 8019. After carefully considering the parties' submissions and, for the following reasons, the Court **DENIES** the Motions docketed at ECF Nos. 8 and 12.

These Motions, and the underlying Bankruptcy Appeal, are further attempts by Debtor to avoid the results of state court foreclosure proceedings commenced in 2016. For the purposes of this short Memorandum Order, the Court will not fully recount the myriad of parallel proceedings in New Jersey Superior Court, the Bankruptcy Court, the District Court, and in the Third Circuit on appeal.[1]

I. **First Motion**

Farzan first brings a "Motion to Stop the Debtor Collectors from Harassing, Oppressing and Abusing the Appellant in USDC Trenton." (ECF No. 8.) This Motion appears to be brought pursuant to the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692d. The FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Kennedy v. Comm'r, Dep't of Treasury Internal Revenue Serv.*, 790 F. App'x 447, 449 (3d Cir. 2019).

On appeal, a district court's review is confined to the proper record. *See In re Stone Res., Inc.*, 482 F. App'x 719, 722 (3d Cir. 2012). "Aside from certified interlocutory appeals, an issue not raised by this case, the appellate jurisdiction of the district court and the court of appeals in bankruptcy matters is limited by statute to final decisions, judgments, orders, and decrees of the bankruptcy courts." *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 880 (3d Cir. 1997) (citing 28 U.S.C. § 158(a)). On appeal in a bankruptcy case, a district court is not to consider new claims raised for the first time. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013); *see also In re Reliant Energy Channelview LP*, 594 F.3d 200, 209 (3d Cir. 2010).

---

[1] The Court's October 15, 2024 Opinion in a different case involving the Debtor illuminated the various court decisions relating to the same subject matter. *See Farzan v. Chapter 13 Tr.*, No. 23-23269, 2024 WL 4491228, at *1 n.3 (D.N.J. Oct. 15, 2024).

The First Motion must be dismissed because Farzan may not bring a standalone motion under § 1692d in this Bankruptcy Appeal. The Court notes that § 1692d was also implicated in Farzan's Bankruptcy Court motion for "multiple reliefs." (Bankr. ECF No. 116.) This motion was denied by the Bankruptcy Court, which Farzan then appealed to this Court arguing that the Bankruptcy Court erred in "allow[ing] debt collectors to harass, oppress, and abuse [him] in [the Bankruptcy] Court." (ECF No. 10 at 59–63.) To the extent that Farzan's motion for multiple reliefs and argument on appeal involve a claim pursuant to the FDCPA, the Court will give this argument appropriate consideration when it decides the broader bankruptcy appeal. In the meantime, the First Motion is **DENIED**. (ECF No. 10.)

## II.  Second Motion

Farzan's Second Motion seeks "to enforce the Standing Order of Reference 12-1 made on 9/19/12 by the USDC for the District of NJ" and "demand[s]" that this Court withdraw the proceedings from the Bankruptcy Court. (ECF No. 12 at 2, 22 (citing United States District Court for the District of New Jersey, Standing Order of Reference, dated July 23, 1984, amended September 18, 2012)). Farzan appears to argue that because the Bankruptcy Court failed to enforce the law in certain areas, this Court should withdraw the reference and have the district court adjudicate instead. (*See, e.g., id.* at 10 (asserting the Bankruptcy Court "failed to enforce the USBC jurisdiction over Forms 410 and 410(A)"); *id.* at 19 (alleging the Bankruptcy Court refused to enforce Federal Rules of Civil Procedure 52, 60, and 138)). Given Plaintiff's *pro se* status, the Court will construe the Second Motion as a motion to withdraw the reference of the case to the Bankruptcy Court pursuant to Standing Order of Reference 12-1, 28 U.S.C. § 157(d), and Federal Rule of Bankruptcy Procedure 5011(a).

Title 11 of the United States Code covers bankruptcy. District Courts have "original and exclusive jurisdiction of all cases under [T]itle 11." 28 U.S.C. § 1334(a). In exercising such

jurisdiction, a "district court may provide that any or all cases under title 11 and any or all proceedings arising under [T]itle 11 or arising in or related to a case under [T]itle 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This is consistent with the District Court's Amended Standing Order of Reference. *See In re IMMC Corp.*, 909 F.3d 589, 594 (3d Cir. 2018). The Standing Order *requires* all bankruptcy matters be handled by the bankruptcy court. *See In re Potter*, No. 11-40237, 2023 WL 4558816, at *4 (D.N.J. July 17, 2023), *aff'd*, No. 23-2480, 2024 WL 3177775 (3d Cir. June 26, 2024) ("[N]ot only was this Court *justified* in its referral of this matter to the Bankruptcy Court but *obligated* under Standing Order 12-1." (italics in original)). There are two possible paths for withdrawal of the reference: mandatory and permissive. *See In re BlockFi Inc.*, No. 23-1144, 2023 WL 6148151, at *3 (D.N.J. Sept. 20, 2023) (citation omitted). "Regardless of which type of withdrawal is invoked, the motion to withdraw must be timely." *In re Allegheny Health Educ. & Rsch. Found.*, No. 06-2031, 2006 WL 3843572, at *2 (W.D. Pa. Dec. 19, 2006).

Local Bankruptcy Rule 5011-1 governs the procedure for seeking a withdrawal of reference. "A party seeking withdrawal of the reference of a case or proceeding must file a motion with the clerk of the bankruptcy court" and "serve[] [it] on all creditors and parties in interest." D.N.J. LBR 5011-1(a), (b); *see also In re Berry*, No. 06-15875, 2007 WL 2885823, at *1 (Bankr. D.N.J. Sept. 27, 2007) ("Under our local bankruptcy rules, a motion for withdrawal of the reference of a proceeding shall be filed in the bankruptcy court in the form and manner prescribed by the local District Court Rules, and shall then be immediately transmitted to the district court.") Appellant neither filed any motion with the clerk of the bankruptcy court nor served the motion on all creditors and parties in interest. As Appellant improperly brought a withdrawal of the reference in this Appeal, the Second Motion is denied.

Even assuming, *arguendo*, that the Motion comports with the local bankruptcy rules, it would still fail for other reasons. The Second Motion is not only untimely, but it is also not ripe. It is untimely because it comes at a late stage—after the Bankruptcy Court had already dismissed the bankruptcy proceedings *in toto*. It is unripe because the Bankruptcy Court has not had the mandated "opportunity to decide whether the [subject proceeding] is core or non-core to the Bankruptcy Proceeding." *See In re BlockFi Inc.*, 2023 WL 6148151, at *6 (*citing Certain Underwriters At Lloyd's of London v. Otlowski*, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009)). In fact, Farzan does not make clear *which* proceeding(s) he seeks to have the referral withdrawn from and therefore this Court could not have knowledge of an initial decision by the Bankruptcy Court as to whether the subject proceeding is core or non-core.

Finally, the Court is doubtful that even if these procedural defects were absent, that Farzan has met his burden under mandatory or permissive withdrawal. Mandatory withdrawal is construed "narrowly to ensure bankruptcy cases are litigated in the bankruptcy courts and to prevent § 157(d) from becoming an 'escape hatch' from litigating cases under the Bankruptcy Code." *Id*. It is not for "routine application of established legal standards." *Id*. Mandatory withdrawal is not warranted because Farzan has not met his burden to show there is a "substantial and material consideration of non bankruptcy law [] necessary to resolve the case." *Id*. (quoting *In re Cont'l Airlines*, 138 B.R. 442, 445 (D. Del. 1992)).

Permissive withdrawal requires cause to be shown under the *Pruitt* factors. *Id*. (citing *In re Pruitt*, 910 F.2d 1160, 1165 (3d Cir. 1990) (factors are "whether withdrawal would: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtors' and creditors' resources; and (4) expedite the bankruptcy process")). Farzan has not met—nor attempted to meet—his burden to show that the factors favor

5

the Court exercising its discretion and withdrawing the reference. He does not invoke the *Pruitt* factors by name or in concept. For the foregoing reasons, the Second Motion is **DENIED**.

Accordingly, **IT IS** on this 17th day of January, 2025,

**ORDERED** that Plaintiff's First Motion (ECF No. 8) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Second Motion (ECF No. 12), is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**