UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REZA FARZAN, *Debtor*,

Appellant,

v.

CHAPTER 13 TRUSTEE, *et al.*,

Appellees.

Bankruptcy Case No. 23-18292 (CMG)

Bankruptcy Appeal No. 24-09116 (RK)

**OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Debtor-Appellant Reza Farzan's ("Farzan") Appeal (ECF No. 1) of two orders issued by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on April 25, 2024 (Bankr. ECF No. 102) and September 10, 2024 (Bankr. ECF No. 122).[1] The April 25, 2024 order dismissed Farzan's Chapter 13 bankruptcy case and barred him from filing for bankruptcy for a year. (Bankr. ECF No. 102.) The September 10, 2024 order denied both Farzan's motion to reconsider the April order and his separate motion for "multiple reliefs." (Bankr. ECF No. 122.) Farzan filed his Opening Brief on October 18, 2024 (ECF No. 10), Shellpoint Mortgage Servicing ("Shellpoint") filed a Response Brief on November 18, 2024 (ECF No. 13), and Farzan filed a Reply Brief on December 2, 2024 (ECF No. 15). No other appellees filed briefing on this Appeal.[2]

---

[1] The citations to "ECF No. __" refer to docket entries in this Bankruptcy Appeal (No. 24-09116) and citations to "Bankr. ECF No. __" refer to docket entries in the underlying Bankruptcy Court case (No. 23-18292).

[2] Appellees in this Appeal are Shellpoint, Friedman Vartolo, LLP ("Friedman"), Nationstar Mortgage LLC (spelled incorrectly as Nationstar Morgage LLC on the docket), Fein, Such, Kahn & Shepard P.C., Bayview Loan Servicing ("Bayview"), US Bank National Trust, Padgett Law Group (collectively, the "Appellee-Creditors"), and the Chapter 13 Trustee (collectively with Appellee-Creditors, the "Appellees").

In addition to resolving the Appeal herein, the Court resolves two pending motions filed during the pendency of the Appeal: a Motion for Reconsideration (ECF No. 21) and a Motion for Default Judgment (ECF No. 24). Friedman opposed the Motion for Reconsideration (ECF No. 22), and Farzan replied (ECF No. 23). Shellpoint opposed the Motion for Default Judgment (ECF No. 26), and Farzan replied (ECF No. 27).

The Court has considered the parties' submissions and resolves the Appeal (ECF No. 1), and the Motions (ECF Nos. 21, 24), without oral argument pursuant to Federal Rule of Bankruptcy Procedure 8019. After carefully considering the parties' submissions and, for the reasons explained below, the Bankruptcy Court's orders are **AFFIRMED**, and the Bankruptcy Appeal and pending Motions (ECF Nos. 21, 24) are **DENIED**.

I.     BACKGROUND

    A.     APPELLANT REZA FARZAN'S LITIGATION HISTORY

As has been noted on numerous prior occasions, this matter—stemming out of a state court foreclosure action—has had an inordinately, drawn-out history, involving parallel proceedings in New Jersey Superior Court, the Bankruptcy Court, and this Court. Approaching a decade ago, in May 2016, Bayview initiated a foreclosure action against Farzan in New Jersey Superior Court for delinquent mortgage payments on his Holmdel Township, New Jersey homestead property. More than eight years ago, in March 2017, the state court entered judgment against Farzan, concluding Bayview was entitled to foreclosure and possession of Farzan's property. *See Bayview Loan Servicing, LLC v. Farzan*, No. F-013470-16 (N.J. Super Ct. Ch. Div.).

Since then, Farzan has used a myriad of litigation tactics to attempt to evade the consequences of foreclosure.[3] For example, Farzan has been a litigant in at least thirteen federal actions in the United States District Court for the District of New Jersey related to the foreclosed property.[4] During this same period, Farzan has also been unsuccessful at the United States Court of Appeals for the Third Circuit in six separate decisions involving the foreclosed property.[5] In addition to the matters in this District and the Third Circuit, Farzan has petitioned for bankruptcy in the Bankruptcy Court on three separate occasions: first in 2006, *In re: Reza Farzan*, No. 06-14441 (Bankr. D.N.J.); then in 2019, *In re: Reza Farzan*, No. 19-29256 (Bankr. D.N.J.); and again in 2023, *In re: Reza Farzan*, No. 23-18292 (Bankr. D.N.J.). The present appeal is Farzan's third appeal from his 2023 bankruptcy alone. His two prior appeals were denied in this Court's October

---

[3] This Court's October 15, 2024 Opinion denying a different appeal filed by Farzan—but derived from the same underlying bankruptcy case—identified the litany of court decisions relating to the same subject matter. See *Farzan v. Chapter 13 Tr.*, No. 23-23269, 2024 WL 4491228, at *1 n.3 (D.N.J. Oct. 15, 2024).

[4] The thirteen actions are: *Farzan v. Bayview Loan Servicing LLC*, No. 25-50 (D.N.J.); *Farzan v. Chapter 13 Trustee*, No. 24-9116 (D.N.J); *Farzan v. Chapter 13 Trustee & JP Morgan Chase Bank*, No. 24-323 (D.N.J.); *Farzan v. Chapter 13 Trustee & JP Morgan Chase Bank*, No. 23-23269 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 23-2424 (D.N.J.); *Farzan v. Nationstar Mortgage, LLC*, No. 23-1234 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 22-3312 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 20-7134 (D.N.J.); *Farzan, et al. v. Bayview Loan Servicing LLC*, No. 20-7135 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 20-3330 (D.N.J.); *Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156 (D.N.J.); *Farzan. v. Cleary*, No. 19-705 (D.N.J.); *Bayview Loan Servicing LLC v. Farzan*, No. 17-1796 (D.N.J.).

[5] *See Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678 (3d Cir. 2018) (affirming district court's remand for improper removal of state foreclosure action); *In re Farzan*, No. 21-1334, 2021 WL 4075750 (3d Cir. Sept. 8, 2021) (affirming decision to dismiss Farzan's bankruptcy adversary complaint based on preclusion principles); *In re Farzan*, No. 21-2445, 2022 WL 1238354 (3d Cir. Apr. 27, 2022) (affirming district court's decision to dismiss bankruptcy appeal for failing to comply with the Federal Rules of Bankruptcy Procedure); *Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022) (affirming decision to dismiss Farzan's complaint relating to the state foreclosure action based on preclusion principles); *Farzan v. Cleary*, No. 23-1740, 2024 WL 3983333, at *1 (3d Cir. Aug. 29, 2024) (affirming, on immunity grounds, the district court's decision to dismiss Farzan's case against state judges and officials in connection with the state foreclosure action); *In re Farzan*, No. 24-1236, 2025 WL 100798 (3d Cir. Jan. 15, 2025) (affirming decision to dismiss Farzan's bankruptcy adversary complaints based on preclusion principles).

15, 2024 Opinion. *See Farzan*, 2024 WL 4491228, at *1. It appears that Farzan remains in the Holmdel Township residence to date.[6]

## B. THE UNDERLYING BANKRUPTCY COURT PROCEEDINGS[7]

On September 22, 2023, Farzan filed a voluntary petition for Chapter 13 bankruptcy in the Bankruptcy Court. (Bankr. ECF No. 1.) Despite filing for bankruptcy, Farzan listed his assets as exceeding his liabilities. (*Id.* at 7.) Almost two months after filing the bankruptcy petition, Farzan filed a Chapter 13 plan. (Bankr. ECF No. 29.) In a confirmation hearing, the Bankruptcy Court stated on the record that the plan failed to address the state foreclosure judgment and was otherwise without "purpose." (Plan Confirmation Hearing at 19:13–23.) The Bankruptcy Court further surmised that Farzan filed the petition and the plan in bad faith in an attempt to avoid a sheriff's sale of his foreclosed property. (*Id.* at 19:24–20:24.) The Bankruptcy Court thus denied Farzan's plan and gave him thirty days to file a modified plan that properly dealt with the foreclosure judgment. (*Id.* at 24:8–17; Bankr. Docket Entry, dated January 3, 2024 ("Minute of Hearing Held, OUTCOME: Plan Denied").)

On January 25, 2024, the Chapter 13 Trustee (the "Trustee") moved to dismiss the case. (Bankr. ECF No. 65.) Farzan then filed modified Chapter 13 plans on February 16, 2024 and again on March 7, 2024. (Bankr. ECF Nos. 74, 88.) On April 17, 2024, the Bankruptcy Court held a hearing on the Trustee's motion to dismiss. (*See generally* Dismissal Hearing.) There, the

---

[6] The Court takes judicial notice of Monmouth County's records of real property ownership accessible through their "Open Public Search System." *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of public information on government website). As of June 12, 2025, Monmouth County's records identify Farzan as the owner of the subject property located at 23 Twin Terrace, Holmdel, NJ 07733. *See* https://www.monmouthcountyclerk.com/county-clerk/recordings/real-property-recordings (last visited June 12, 2025).

[7] During the course of the bankruptcy proceedings, the Bankruptcy Court held various hearings pertinent to this Appeal: (a) the "Plan Confirmation Hearing" (Bankr. ECF No. 83); (b) the "Dismissal Hearing" (ECF No. 7 at 619–42); (c) the "Initial Reconsideration Hearing" (ECF No. 7 at 644–55); (d) the "Final Hearing" (ECF No. 13-6 at 118-34).

Bankruptcy Court dismissed Farzan's bankruptcy case *in toto* on the basis of his bad faith. (*See id.* at 10:18–11:23, 21:6–10.) The Bankruptcy Court noted that a "[s]tate [c]ourt issued a judgment foreclosing . . . on [Farzan's] house" and described Farzan's bankruptcy filings as attempts "to stop [the] foreclosure sale" or to otherwise "get a determination or a judgment that the mortgage didn't apply to [him] and that it didn't have to be paid." (*Id.* at 10:23–11:4; *see id.* 14:11–13 ("[H]owever many times you've appealed this . . . you've lost.") In the order dismissing the bankruptcy case, the Bankruptcy Court also barred Farzan, given his bad faith, from filing another bankruptcy petition until April 26, 2025. (Bankr. ECF No. 102 at 2.)

Following dismissal, Farzan retained counsel for the first time, (Bankr. ECF No. 101), and filed a motion to reconsider the Bankruptcy Court's dismissal order (Bankr. ECF No. 107). The motion sought only to have the Bankruptcy Court reconsider the one-year filing bar and the finding that the petition and plan were filed in bad faith. (Bankr. ECF No. 107-1 at 3–4.) The letter brief supporting the motion stated plainly that the motion was *not* requesting reconsideration of the dismissal of the bankruptcy itself. (*Id.*) Farzan filed a sworn certification to accompany the motion making the same point. (*See* Bankr. ECF No. 107-2.) Indeed, he stated unequivocally "[t]he basis of this motion for reconsideration is not to reinstate this case," "I am not asking the Court to reopen this case," and "[t]his case would remain dismissed." (*Id.* ¶¶ 11, 13, 15.)

On June 5, 2024, the Bankruptcy Court held a hearing on Farzan's motion to reconsider. (*See generally* Initial Reconsideration Hearing.) At the hearing, Farzan's counsel affirmed on the record that the focus of the motion to reconsider was the filing bar and that "under no circumstance [is Farzan] requesting relief from the dismissal." (*Id.* at 4:23–5:9.) While the Bankruptcy Court confirmed that its decision as to dismissal would not be changing, (*id.* at 8:9–13), it asked Farzan's counsel to prepare a supplemental brief indicating that Farzan understood that he could no longer

5

use the Bankruptcy Court to avoid the consequences of the state foreclosure judgment. (*Id.* at 7:15–20.) The Bankruptcy Court scheduled a further hearing on the reconsideration—to consider Farzan's supplemental filing—for August 7, 2024, (*id.* at 9:21–22), which was ultimately adjourned to September 10, 2024 (*see* Bankr. Docket Entries, dated August 7, 2024 and September 4, 2024).

However, prior to the Final Hearing in September, Farzan and his counsel parted ways. (Bankr. ECF No. 113.) Farzan thus resumed proceeding *pro se* in the Bankruptcy Court. About a month prior to the Court's September 10, 2024 hearing, Farzan filed a motion for "multiple reliefs." (Bankr. ECF No. 116.) Notwithstanding what Farzan and his counsel previously represented regarding the scope of his motion to reconsider, Farzan now sought to have the Bankruptcy Court vacate its *entire* order dismissing the case, including the one-year filing bar. (Bankr. ECF No. 116-2 at 61.) In addition, Farzan further sought, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, to stop debt collectors from "harassing and abusing him" in the Bankruptcy Court and to have the Trustee ordered to investigate certain proofs of claim and transfer of claims. (*Id.*)

At the September 10, 2024 hearing, the Bankruptcy Court characterized Farzan's motion for multiple reliefs as a "rehash of the same arguments that Mr. Farzan has been making before this Court and numerous other courts for years and in no way seeks to address the issues discussed at the prior hearing." (Final Hearing at 11:2–5.) On reconsideration, the Bankruptcy Court decided that it would not reconsider its finding of bad faith as Farzan had attempted to use the Bankruptcy Court to "manufacture jurisdiction" to challenge the state foreclosure judgment. (*Id.* at 13:10–14:8.) Further, the Bankruptcy Court observed that Farzan, through his "extensive litigation history," had unceasingly repudiated the state foreclosure judgment. (*Id.* at 8:14–9:8.) Also, Farzan

failed to properly treat the foreclosed property in his proposed bankruptcy plans despite being afforded ample opportunity to do so. (*Id.* at 14:6–14.) As to the allegations of an FDCPA violation, the Bankruptcy Court clarified that while the creditors in Farzan's bankruptcy case might be categorized as "debt collectors" under the FDCPA, nothing they had done constituted actionable harassment under the FDCPA. (*Id.* at 8:2–10.) Thus, on the same day as the hearing—September 10, 2024—the Bankruptcy Court entered an order denying Farzan's motions to reconsider and for multiple reliefs. (Bankr. ECF No. 122.) Therefore, the bankruptcy case remained dismissed, and Farzan remained subject to the one-year filing bar.[8]

## C. THE INSTANT APPEAL

Two days after the Bankruptcy Court entered its September 10, 2024 order, Farzan initiated this Appeal of the Bankruptcy Court's initial dismissal order, as well as its order denying reconsideration. (ECF No. 1.)

Since the start of the Appeal, Farzan has filed a flurry of motions—six in total. On September 24, 2024, Farzan filed a "Motion to Proceed on the Original Records," (ECF No. 6), which was terminated because Farzan had failed to pay the filing fee for this Appeal to the Bankruptcy Court. Farzan ultimately paid the filing fee on December 25, 2024 (Docket Entry, dated December 27, 2024), but before that happened, both Farzan and Shellpoint filed Designations of Record, obviating the need to rule on that motion. (ECF Nos. 4, 5, 7.) On October 9, 2024, Farzan filed a "Motion to Stop Debt Collectors from Harassing, Oppressing, and Abusing the Appellant" (the "FDCPA Motion") seeking to stop his creditors from what he described as harassment, oppression, and abuse in the Bankruptcy Court. (*See generally* ECF Nos. 8; 8-2 at 15.)

---

[8] On March 28, 2025, the Bankruptcy Court entered a Final Decree officially closing the bankruptcy case. (Bankr. ECF No. 142.)

On November 12, 2024, Farzan filed a Motion to "Enforce the Standing Order" (the "Standing Order Motion") requesting that the Court withdraw his bankruptcy proceedings from the Bankruptcy Court. (*See* ECF Nos. 12; 12-2 at 22.) On December 24, 2024, Farzan also filed a Motion "for Entry of Default" against Appellees who did not file appellate briefs in the Appeal. (ECF No. 18.)

The Court first denied Farzan's Motion for Entry of Default because the entry of default under Federal Rule of Civil Procedure 55 is not applicable in bankruptcy appeals. (*See* ECF No. 19.) Ignoring this ruling, Farzan subsequently filed a substantially similar Motion for Default Judgment. (ECF No. 24.) The Court then denied both the FDCPA Motion and the Standing Order Motion in its January 17, 2025 Memorandum Order as improper standalone motions in this Appeal. (ECF No. 20 at 3–4.) Ten days after this decision, Farzan filed a Motion for Reconsideration. (ECF No. 21.) The Court resolves the pending Motion for Reconsideration (ECF No. 21) and Motion for Default Judgment (ECF No. 24) herein.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction to hear appeals "from final judgments, orders and decrees" of the Bankruptcy Court. 28 U.S.C. 158 § (a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd. P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). A bankruptcy court's legal determinations are reviewed *de novo*. *In re Trump Ent. Resorts*, 810 F.3d 161, 166–67 (3d Cir. 2016). Factual findings, on the other hand, are accepted by the Court unless clearly erroneous, *i.e.*, "completely devoid of minimum evidentiary support displaying some hue of credibility or bear no rational relationship to the supportive evidentiary data." *In re Fiber-Span, Inc.*, 40 F.4th 79, 93 (3d Cir. 2022) (internal quotation marks and citation

omitted).

A bankruptcy court's decision to dismiss a case is reviewed for abuse of discretion. *In re LTL Mgmt. LLC*, No. 23-2971, 2024 WL 3540467, at *2 (3d Cir. July 25, 2024) (citing *In re LTL Mgmt., LLC*, 64 F.4th 84, 99 (3d Cir. 2023)); *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007). Other discretionary decisions, such as the decision to impose a filing bar, are also reviewed for abuse of discretion. *In re Ross*, 858 F.3d 779, 786 (3d Cir. 2017) (reviewing a filing injunction for abuse of discretion); *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (citation omitted).

An abuse of discretion arises when a court's decision is based on "a clearly erroneous finding of fact, an erroneous legal conclusion or an improper application of law to fact." *In re Maxus Energy Corp.*, 49 F.4th 223, 228 (3d. Cir. 2022). In other words, a court errs in exercising its discretion "only where the . . . court's decision is arbitrary, fanciful, or clearly unreasonable— in short, where no reasonable person would adopt the . . . court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (internal quotation marks and citation omitted). An appellate court can affirm a judgment for "any reason supported by the record" but is not affirmatively obliged to sift through the record for reasons to do so. *See In re Ross*, 858 F.3d at 786 (citation omitted).

### III. DISCUSSION

Here and throughout the never-ending, serial litigations in court after court, the Appellant has been an abusive litigant, obstructing, impeding, and delaying at every juncture. This Appeal and add-on motions are more of the same.

As an initial matter, Farzan's briefs are procedurally deficient and violate several rules governing bankruptcy appeals. Farzan's opening and reply briefs exceed the pages allotted under

9

the Rules by 30 pages and 10 pages respectively. Fed. R. Bankr. P. 8015(a)(7)(A) ("A principal brief must not exceed 30 pages, or a reply brief 15 pages.") Farzan also failed to file the required Certificate of Compliance along with his briefs, Fed. R. Bankr. P. 8015(h)(1), and failed to file a Statement of the Issues, Fed. R. Bankr. P. 8009(a)(1)(A). These violations alone are sufficient to deny the Appeal. Fed. R. Bankr. P. 8003(a)(2); *In re Annunziata*, No. 17-1864, 2018 WL 1091291, at *5 (D.N.J. Feb. 28, 2018) (noting violations of bankruptcy appeal "rules governing the table of contents, table of authorities, appendix, statement of case, and certificate of compliance . . . constitute a basis to deny the appeal"). While the Court construes Farzan's filings liberally, a *pro se* litigant must still follow procedural rules just as any other litigant. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted). Nevertheless, the Court addresses the underlying issues and finds the Appeal should be dismissed as substantively meritless.

Farzan seeks to appeal the following: (i) the Bankruptcy Court's April 25, 2024 order dismissing the bankruptcy case and imposing a one-year bar on Farzan's ability to seek bankruptcy (Bankr. ECF No. 102), and (ii) the Bankruptcy Court's September 10, 2024 order denying both the motion to reconsider the April order and the motion for multiple reliefs, which included a request under the FDCPA to stop certain creditors from "harassing" and "abusing" him and other contrived allegations that cannot make out a cognizable claim for relief (Bankr. ECF No. 122; *see* Bankr. ECF No. 116-2 at 58). (*See* ECF No. 10 at 8.) In summary, the Appeal seeks to contest (i) the imposition of a filing injunction against Farzan in the Bankruptcy Court; (ii) the dismissal of his bankruptcy action; and (iii) the motion for "multiple reliefs." The Court addresses each in turn.

    A.    **FILING INJUNCTION**

The Appeal insofar as it relates to the temporary and discrete filing injunction against Farzan in the Bankruptcy Court through April 25, 2025 is now moot. (ECF No. 1 at 4; ECF No.

10 at 65.) "Generally, a case is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 445 (3d Cir. 2025) (quoting *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016)). This filing bar has now lapsed following its expiration in April 2025. Thus, an appeal of the now-expired injunction is moot. *See In re Reischel*, 115 F. App'x 868, 869 (7th Cir. 2004) (collecting cases and indicating that the expiration of a filing bar moots challenges to same); *In re Frieouf*, 938 F.2d 1099, 1104 (10th Cir. 1991) ("The bankruptcy court's denial of all access to bankruptcy relief for 180 days is not reviewable inasmuch as 180 days have passed.").[9]

### B. DISMISSAL OF THE BANKRUPTCY

Next, Farzan appeals the dismissal of his overall bankruptcy case.[10] (ECF No. 10 at 8.) Farzan contends that the Bankruptcy Court, ruling "without legal authority," improperly found him to have acted in bad faith. (ECF No. 10 at 65.) Farzan's arguments to overturn the Bankruptcy Court's dismissal are unavailing.

A Chapter 13 bankruptcy petition filed in bad faith may be dismissed "for cause" under 11 U.S.C. § 1307(c). *In re Myers*, 491 F.3d at 125. In determining whether a bankruptcy filing was made in bad faith, a bankruptcy court looks to the totality of the circumstances, and may consider

---

[9] Had this issue not been rendered moot, the Court would have found the Bankruptcy Court did not abuse its discretion in imposing a temporary bar on Farzan's ability to file bankruptcy petitions in the Bankruptcy Court. *In re Atiyeh*, No. 22-1848, 2022 WL 17336205, at *1 (3d Cir. Nov. 30, 2022) ("[A]n order restricting future bankruptcy filings under § 349(a), are reviewed for abuse of discretion."). The Bankruptcy Court appropriately exercised its discretion in imposing the filing bar where "[f]oreclosure loomed," and Farzan acted in "bad faith in the pattern and practice of filing several petitions over the last several years." *See id.* at *2.

[10] The Court notes that on the motion to reconsider in the Bankruptcy Court, Farzan's counsel stated, "[T]he only thing that I wish to reiterate and focus on is the fact that under no circumstance are we requesting relief from the dismissal." (Bankr. ECF No. 114 at 3:25–4:2.) Nevertheless, now on appeal, Farzan seeks to have his dismissal reversed.

a wide range of factors, including, "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996). Of particular relevance here, the clearly suspect timing of a bankruptcy petition is a significant indicator of a bankruptcy debtor's bad faith. *Hamilton v. Lanning*, 560 U.S. 505, 522 (2010); *In re Mondelli*, 558 F. App'x 260, 263 (3d Cir. 2014). A reviewing court examines a bankruptcy court's decision to dismiss a bankruptcy case for bad faith under the abuse of discretion standard. *In re Myers*, 491 F.3d at 125 (citation omitted).

The determination of bad faith is necessarily fact intensive, thus best left to the discretion of the Bankruptcy Court. *United States v. Patriot Contracting Corp.*, No. 09-1151, 2009 WL 3074728, at *3 (D.N.J. Sept. 23, 2009) (citing *Lilley*, 91 F.3d at 496). This Court will therefore not disturb any determination of bad faith unless it is premised on factual findings that are clearly erroneous. *See Myers*, 491 F.3d at 125 ("[W]e will not set aside the Bankruptcy Court's factual findings unless they are clearly erroneous.").

The Bankruptcy Court set forth its bases for concluding that Farzan's bankruptcy petition was filed in bad faith at the April 17, 2024 hearing. (*See* Dismissal Hearing.) The Bankruptcy Court explained that this bankruptcy case is one of many unsuccessful steps taken by Farzan to avoid his state foreclosure judgment. (*See id.* at 10:22–11:7.) The Bankruptcy Court considered the totality of the circumstances under the factors prescribed by *In re Lilley*, 91 F.3d at 496, which supported the contention that the filing was made without good faith. (Dismissal Hearing at 19:16–21:8.) The consideration of these factors led the Bankruptcy Court to conclude with good reason that it could "only see the purpose of this case as being another attempt to circumvent the finding

12

of the State Court in the foreclosure judgment." (*Id.* at 21:1–3.)

Farzan's tactics are textbook examples of bad faith efforts to circumvent a state foreclosure judgment. *See In re Myers*, 491 F.3d at 125 ("We have no doubt that Bankruptcy Courts may reasonably find that bad faith exists where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose." (internal quotation marks and citation omitted)); *see also Potter v. Newkirk*, 802 F. App'x 696, 701 (3d Cir. 2020) (finding bankruptcy petition filed in an effort to thwart foreclosure of a property could evidence bad faith). In numerous cases, courts have concluded that bankruptcy filings for the purposes of avoiding sheriff's sales evidence bad faith. *See, e.g., In re Knauss*, No. 12-17482, 2013 WL 5942391, at *3 (E.D. Pa. Nov. 5, 2013); *In re Joobeen*, 385 B.R. 599, 611 (E.D. Pa. 2008); *In re Nimoityn*, No. 21-02709, 2022 WL 523601, at *4 (E.D. Pa. Feb. 22, 2022). In *Mondelli*, the bankruptcy court determined a bankruptcy petition was filed in bad faith because, just as Farzan, the debtor-appellant's "sole purpose in filing for bankruptcy was to delay the sheriff's sale of the property." 558 F. App'x at 263. As with Farzan's filing, the bankruptcy filing in *Mondelli* came on the heels of numerous other failed attempts to stay a foreclosure sale. *Id.* The bankruptcy court's finding of bad faith was affirmed on appeal in both the District Court and the Third Circuit. *In re Mondelli*, No. 12-4659, 2013 WL 1187098, at *1 (D.N.J. Mar. 21, 2013), *aff'd*, 558 F. App'x. Therefore, consistent with *Mondelli*, the Court finds the Bankruptcy Court did not abuse its discretion and **AFFIRMS** its dismissal of Farzan's bankruptcy case for bad faith.[11]

---

[11] Separate and apart from the Appeal itself, Farzan has pending Motions for Reconsideration (ECF No. 21) and for Default Judgment (ECF No. 24). They are both denied as moot following the Court's affirmance of the dismissal of the bankruptcy case. *See Mir v. Behnke*, No. 15-2233, 2016 WL 3269093, at *1 (M.D. Pa. June 15, 2016) (denying pre-dismissal motion as moot following dismissal of the entire action), *aff'd*, 680 F. App'x 126 (3d Cir. 2017).

C.     "MULTIPLE RELIEFS"

Farzan also seeks appellate review of the Bankruptcy Court's denial of his motion for "multiple reliefs," which sought to (i) vacate the April 17, 2024 order dismissing the case, (ii) reactivate the bankruptcy case, (iii) stop certain creditors from "harassing" and "abusing" him in the Bankruptcy Court, and (iv) order the Trustee to investigate certain proof of claims. (Bankr. ECF No. 116-2 at 61.) The Court's affirmance of the bankruptcy case necessarily disposes of the first two issues raised in Farzan's motion. Relatedly, the appeal of the two remaining issues in the motion for "multiple reliefs" is now moot. Issues that are "dependent on the existence of the bankruptcy" are rendered moot when a bankruptcy case is dismissed. *See, e.g., In re Knaak*, 825 F. App'x 83, 86 (3d Cir. 2020) ("The dismissal of a bankruptcy case may moot an appeal arising from the debtor's bankruptcy proceedings."). Indeed, this applies just the same to issues *on appeal*. *See In re Ponton*, 446 F. App'x 427, 429 (3d Cir. 2011) (agreeing that a dismissal of a bankruptcy case can moot appeals on issues within the bankruptcy case); *see also In re Lincoln*, 630 B.R. 794, 797 (B.A.P. 8th Cir. 2021) (finding an appellate court lacks jurisdiction to grant other relief following dismissal of a bankruptcy case).

As such, the Bankruptcy Court has no authority to compel the Trustee to investigate claims in a dismissed bankruptcy. Nor is there any estate for the Trustee to administer following dismissal. *See, e.g., Matter of Lopez*, 897 F.3d 663, 670 (5th Cir. 2018) (acknowledging a bankruptcy estate ceases to exist upon dismissal). Just the same, allegations of harassment and abuse in the Bankruptcy Court are not redressable in a now-terminated bankruptcy.[12] *See In re Knaak*, 825 F.

---

[12] Even assuming *arguendo* that the dismissal of the bankruptcy case did not moot Farzan's "harassment" claim under the FDCPA, Farzan has not come close to meeting his burden to show that the Bankruptcy Court abused its discretion in finding Appellee-Creditors did not engage in conduct contrary to the FDCPA. Here, Farzan's briefing on appeal—including his appellate briefing (ECF Nos. 10, 15) and his Motion to "Stop the Debt Collectors from Harassing, Oppressing, and Abusing the Appellant" (ECF No. 8)—allege

App'x. at 86 (a court "may not decide questions that cannot affect the rights of litigants in the case before [it]" (citing *Chafin v. Chafin*, 568 U.S. 165, 171 (2013))). Thus, for the foregoing reasons, the Court must deny the appeal of the motion for multiple reliefs as moot.[13]

---

no facts, let alone plausible ones, demonstrating harassment, oppression, or abuse by Appellee-Creditors in contravention of 15 U.S.C. § 1692d.

[13] To the extent Farzan seeks to raise other issues on appeal, they are not only moot for substantially the same reasons discussed *supra*, but also because this Court lacks appellate jurisdiction to resolve issues not addressed in the Bankruptcy Court's orders on appeal. *See, e.g., In re Bestwall LLC*, 47 F.4th 233, 242 (3d Cir. 2022).

## CONCLUSION

For the foregoing reasons, Farzan's Appeal is **DENIED,** the Bankruptcy Court's orders (Bankr. ECF Nos. 102, 122) are **AFFIRMED,** and the Motions for Reconsideration (ECF No. 21) and Default Judgment (ECF No. 24) are **DENIED**. An appropriate Order accompanies this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2025